STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. HARRY KOCH, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 20, 1971—Remanded March 9, 1972—
Resubmitted April 8, 1972—Decided May 11, 1972.

Before Judges Conford, Matthews and Fritz.

*Mr. Stanley C. Van Ness,* Public Defender, and *Mr. Gerald Boswell,* Assistant Deputy Public Defender, attorneys for appellant.

*Mr. John S. Kuhlthau,* Middlesex County Prosecutor, and *Mr. Thomas Kapsak,* Assistant Middlesex County Prosecutor, attorneys for respondent.

Per Curiam. ■ See our prior opinion herein. *State v. Koch,* 118 *N. J. Super.* 421 (App. Div. 1972). After rendition thereof the United States Supreme Court held, on March 22, 1972, in *Loper v. Beto,* 405 *U. S.* 473, 92 S. Ct. 1014, 31 *L. Ed.* 2d 374 (1972), that the use of uncounselled prior convictions to impeach credibility of a defendant in a criminal trial invalidated a conviction at such trial (absent harmless error beyond a reasonable doubt) and that its determination was as fully retroactive as was the decision in *Gideon v. Wainwright,* 372 *U. S.* 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). The substantive holding accords with our previous opinion; the determination on retroactivity goes beyond it. In any event, the decision confirms the correctness of our disposition of defendant's post-conviction application.

■ The remand directed by our earlier opinion has been executed. On sufficient testimony by defendant and representations by the Middlesex County Prosecutor concerning the uninformative state of the South Carolina records, the trial judge has found, as he was compelled to on the record before him, that defendant neither had nor waived legal representation on the occasions of either the 1949 conviction of highway robbery or the 1957 conviction of escape.

The instant conviction of armed robbery is set aside and reversed and the cause is remanded for prompt retrial.