589 A.2d 1033

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JOSEPH CRISAFI, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 8, 1991—Decided April 22, 1991.

488

Before Judges ANTELL, O'BRIEN and KEEFE.

*Pamela Lynn Brause,* Designated Counsel, argued the cause for appellant (*Wilfredo Caraballo,* Public Defender, attorney, *Pamela Lynn Brause,* of counsel and on the brief).

*Catherine A. Foddai,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General, attorney; *Marijean Raffetto Stevens,* Deputy Attorney General, of counsel and on the brief).

*Joseph Crisafi* filed a *pro se* supplemental brief and an addendum to that brief.

PER CURIAM.

Defendant appeals from his conviction of two counts of first degree aggravated sexual assault (*N.J.S.A.* 2C:14–2), first degree armed robbery (*N.J.S.A.* 2C:15–1), second degree aggravated assault (*N.J.S.A.* 2C:12–1b(1)), fourth degree possession of a weapon (a letter opener) under circumstances not manifestly appropriate for a lawful purpose (*N.J.S.A.* 2C:39–5d), and second degree possession of a weapon for an unlawful purpose (*N.J.S.A.* 2C:39–4a), upon which he received an aggregate sentence of 45 years with a 22½ year period of parole ineligibility. We reverse and remand on condition, because the trial judge failed to determine whether defendant had knowingly and intelligently waived his constitutional right to counsel.

After he was indicted on December 4, 1980, defendant became a fugitive. He was finally located in and extradited from Texas in 1986. He was convicted on December 17, 1987, and sentenced on March 7, 1988. On this appeal, defendant raises the following legal arguments:

> POINT I    The defendant was denied his right to counsel when the court failed to determine he had knowingly and intelligently waived that right.
>
> POINT II  The prosecutor's reference to the defendant's pro se representation was improper.
>
> POINT III The court erroneously limited the defense cross examination of the state's key witness, [the victim].
>
> POINT IV The state failed to prove that the defendant's prior convictions were admissible to affect his credibility and should have been excluded by the court.

POINT V  The court's failure to charge the jury on the lesser included offenses of criminal sexual contact and sexual assault was erroneous.

POINT VI The court's failure to excuse the juror who admittedly knew a witness in the case was error.

POINT VII The sentence imposed on the defendant was both improper and manifestly excessive.

In a supplemental *pro se* brief, defendant raises the following additional legal arguments:

Point I  DEFENDANT WAS DENIED THE RIGHT TO CONFRONTATION AND THE PRODUCTION OF WITNESSES.

Point II POSSESSION OF A HANDGUN FOR UNLAWFUL PURPOSES AND POSSESSION OF A LETTER OPENER FOR UNLAWFUL PURPOSES REQUIRE SEPARATE VERDICTS.

Point III DEFENDANT'S SENTENCE IS ILLEGAL BECAUSE COUNTS ONE AND TWO WERE NOT MERGED WITH COUNT FOUR.

In an addendum to his supplemental *pro se* brief, defendant raises as a fourth point:

Point IV DEFENDANT'S SENTENCE IS EXCESSIVE AND IT WAS NOT IMPOSED ACCORDING TO PROPER SENTENCING.

We agree with defense counsel's first legal argument since the trial judge failed to determine whether defendant knowingly and intelligently waived his right to counsel.  In spite of the substantial evidence of defendant's guilt and the unfortunate circumstance that reversal of the convictions will necessitate retrial of an event which occurred more than ten years ago and again put the victim through the horror of the event, we are obliged to reverse and remand for a new trial based upon applicable state court precedents and opinions of the United States Supreme Court.

Since reversal is required, it is unnecessary to detail the facts which gave rise to the charges.  Suffice it to say that according to the evidence the victim was subjected to substantial aggravated assault, aggravated sexual assault, and other offenses at the hands of defendant.  However, we detail the circumstances leading up to defendant's trial as they relate to representation by counsel.

## I.

After extradition from Texas, defendant entered a not-guilty plea on March 13, 1987. On that date, he was represented by Mr. Fullilove, an attorney from the public defender's office, although he argued some motions *pro se*. Defendant next appeared before the trial judge on April 10, 1987, again accompanied by Mr. Fullilove, who advised the court that defendant had presented a letter stating that Mr. Anthony Blasi had been appointed as his pool attorney, but apparently Mr. Blasi chose not to represent defendant.

On May 22, 1987, defendant and Mr. Fullilove again appeared before the trial judge and the following exchange took place:

THE COURT: Mr. Crisafi, we have Mr. Fullilove who, I understand, has been designated to represent you.

\* \* \* \* \* \* \* \*

THE DEFENDANT: I decline representation of this counsel at this time. I have—

THE COURT: You mean you want to represent yourself?

THE DEFENDANT: No, not really. I would like representation, and if it's necessary, I will go in *pro se* rather than—

THE COURT: It's up to you, but I'm not going to allow you to make a choice as to who is going to represent you.

THE DEFENDANT: All right, Your Honor, then I will represent myself.

THE COURT: That's up to you. I will have to ask counsel to sit by to assist you with whatever technicalities of the law you may be advised of. I will hear you.

Later on that same day, the court indicated to Mr. Fullilove at side bar:

THE COURT: He is going to make his choice. I can't let him decide who's going to represent him in the Public Defender's Office. He is not going to have that choice, and I will tell him that. He either has to decide that he's going to try it himself, with a Public Defender assisting him in the technical aspects, or he will be bound by a lawyer representing him. I won't play games with him, and I'm going to make it clear.

The judge then advised defendant to make his decision by May 27, stating:

.˙. I must know by Wednesday afternoon whether there will be representation by counsel for you or whether you will be trying this case yourself with the

technical assistance of an attorney assigned to sit in with you. So that I will not carry this any further.

On several subsequent appearances before the trial court, defendant was accompanied by Jed–Matthew D. Philwin, Esq., who said he was acting on behalf of the public defender's office. At some of those appearances, defendant argued *pro se*, and on others he asked Mr. Philwin to argue on his behalf.

On December 7, 1987, defendant appeared before the court *pro se*, although Mr. Philwin was also present, and the following exchange took place:

THE COURT: Before we proceed, Mr. Crisafi, I want to clear the air as to one point. Some time ago there was a discussion held in this Court at which time you indicated you did not want Mr. Fullilove. Do you remember?

MR. CRISAFI: Absolutely.

THE COURT: And I told you that the Court at that time had contacted the Public Defender's Office to obtain new counsel for you and they said they would not, that you were obligated to take Mr. Fullilove or go *pro se*. And I mentioned that to you and you said that being the case you would go *pro se*.

MR. CRISAFI: No, I did not, sir.

THE COURT: All right. I think the record will indicate otherwise. I think the record indicates otherwise. I never would have proceeded.

MR. PHILWIN: Your Honor, if I may intercede here. I had spoken with Mr. Crisafi about a week and a half ago and I don't know exactly what the words are going to be on the record, but he indicated to me that he felt that he was being forced to go *pro se*. He said he just didn't want to have Mr. Fullilove as his attorney.

\* \* \* \* \* \* \* \*

MR. CRISAFI: I feel that I'm being denied my right to counsel.

THE COURT: No, you are not. That's the law.

\* \* \* \* \* \* \* \*

MR. CRISAFI: I am being forced to try it. There is no other alternative.

THE COURT: No, you are not being forced. It is an election you are making. I am telling you that the Public Defender will not assign. Your argument is with the Public Defender, not with me.

MR. CRISAFI: I realize that, your Honor.

THE COURT: If you are willing to have Mr. Philwin try this case for you as your attorney, he has indicated that he is willing to do so if we requested.

\* \* \* \* \* \* \* \*

THE COURT: I have no choice but to say then the case will go on with Mr. Philwin sitting in to advise you as to the technicalities of the law.

MR. CRISAFI: If that's all I have.

On December 9, 1987, the court made the following inquiry of defendant:

THE COURT: ... Another question I want to ask you, I want you to fully understand that if it is your intention to try the case yourself with Mr. Philwin sitting alongside to advise you as to the rules and court procedures, you're going to be treated just as if I'm treating any other attorney practicing here. You're subject to the rules of court. Do you understand that?

MR. CRISAFI: Fully.

THE COURT: And I want to find out now if it is your intention to represent yourself or whether you want Mr. Philwin to try this case for you.

MR. CRISAFI: If I may be permitted to repeat myself. I'm sure Mr. Philwin is competent. I do not agree in Mr. Philwin's line of defense on my behalf. Therefore I cannot have Mr. Philwin represent me.

THE COURT: I would like counsel—

MR. CRISAFI: I feel I need counsel.

Thereafter, the trial began on December 10, at which defendant represented himself *pro se* with Mr. Philwin sitting in to advise him.

## II.

■■ The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to have the assistance of counsel in order to protect his fundamental right to a fair trial. *Faretta v. California*, 422 *U.S.* 806, 818, 95 *S.Ct.* 2525, 2532, 45 *L.Ed.*2d 562, 572 (1975). The New Jersey Constitution contains comparable language, *i.e.*, "In all criminal prosecutions the accused shall have the right ... to have the assistance of counsel in his defense." *N.J. Const. of 1947* art. I, para. 10. Although the Sixth Amendment also guarantees a defendant the right to conduct his own defense, he must knowingly and intelligently waive his right to counsel and be able and willing to abide by the rules of procedure and courtroom protocol. *McKaskle v. Wiggins*, 465 *U.S.* 168, 172–174, 104 *S.Ct.* 944, 948–949, 79 *L.Ed.*2d 122, 130 (1984). An indigent must be provided with counsel, but he has no right to select counsel who will completely satisfy a defendant's fancy as to

how he is to be represented. *State v. McCombs*, 171 *N.J.Super.* 161, 165, 408 *A.*2d 434 (App.Div.), *aff'd*, 81 *N.J.* 373, 408 *A.*2d 425 (1979) (*quoting State v. Rinaldi*, 58 *N.J.Super.* 209, 214, 156 *A.*2d 28 (App.Div.1959), *cert. denied*, 366 *U.S.* 914, 81 *S.Ct.* 1089, 6 *L.Ed.*2d 238 (1961)). In *Johnson v. Zerbst*, 304 *U.S.* 458, 58 *S.Ct.* 1019, 82 *L.Ed.* 1461 (1938), the Supreme Court said:

> The constitutional right of an accused to be represented by Counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without Counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to Counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.

*Zerbst*, 304 *U.S.* at 465, 58 *S.Ct.* at 1023, 82 *L.Ed.* at 1467.

Perfunctory questioning is not sufficient. The trial judge has the responsibility of insuring that any choice of self-representation is made knowingly and intelligently, with an awareness of the dangers and disadvantages inherent in defending oneself. *See Faretta v. California, supra.* To be valid, a defendant's waiver

> ... must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.

*Von Moltke v. Gillies*, 332 *U.S.* 708, 724, 68 *S.Ct.* 316, 323, 92 *L.Ed.* 309, 321 (1948). A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered. *Id.*

We have expounded these principles in several cases. *See State v. McCombs, supra; see also State v. Slattery*, 239 *N.J.Super.* 534, 571 *A.*2d 1314 (App.Div.1989); *State v. Kordower*, 229 *N.J.Super.* 566, 552 *A.*2d 218 (App.Div.1989); *State v. Guerin*, 208 *N.J.Super.* 527, 506 *A.*2d 743 (App.Div.1986);

*State v. Cole,* 204 *N.J.Super.* 618, 499 *A.*2d 1030 (App.Div. 1985). Recently our Supreme Court again addressed the issue in a somewhat different context and said:

> ... Fundamental rights explicitly rooted in the Constitution require a waiver by defendant that is "knowing and voluntary." *Johnson v. Zerbst,* 304 *U.S.* 458 [58 *S.Ct.* 1019], 82 *L.Ed.* 1461 (1938). Among these fundamental rights that are explicitly rooted in the Constitution is the right to counsel. *State v. Bellucci,* 81 *N.J.* 531 [410 *A.*2d 666] (1980). Despite the risk of intruding on the attorney-client relationship, courts have found that waiver of such fundamental rights necessitates an on-the-record inquiry of defendant by the trial court to insure that the waiver is made knowingly and voluntarily. " '[C]ourts indulge every reasonable presumption against waiver' of fundamental constitutional rights and ... 'do not presume acquiescence in the loss of fundamental rights.' " *Johnson v. Zerbst, supra,* 304 *U.S.* at 464 [58 *S.Ct.* at 1022], 82 *L.Ed.* at 1466 (citations omitted).

*State v. Buonadonna, et al.,* 122 *N.J.* 22, 35, 583 *A.*2d 747 (1991).

The trial judge in this case did not make a finding that defendant had knowingly, voluntarily and intelligently waived his right to counsel and elected to proceed *pro se.* In fact, the trial judge never addressed the question in that light. From the colloquy quoted, it is clear that defendant did not even express the desire to defend himself, but rather said he was unhappy with the strategy which Mr. Philwin contemplated. At no time did the trial judge inform defendant as to the magnitude of the charges against him and the extensive penalties to which he was exposed.[1]

The State suggests that because defendant was supplied with the indictment containing the charges against him and copies of the statutes upon which they were based, including the statutory penalties, as part of the extradition proceedings, it was unnecessary for the court to advise defendant as to these matters. The State also points to defendant's criminal record including charges of sexual assault and sexual abuse. (His most recent conviction was in 1974, with a rape conviction in

---

[1]As noted, defendant was sentenced to an aggregate term of 45 years with a 22½ year period of parole ineligibility.

California in 1960, and a sexual abuse conviction in New York in 1971.) It is also argued that in the late 1950s defendant had been convicted of rape in California in a trial at which he was represented by counsel. After a new trial was granted, defendant represented himself *pro se* and was acquitted. Furthermore, the State points out that, although defendant did not graduate from high school, he took courses at the University of California at Berkeley while incarcerated in California, receiving a bachelor's degree in business law after his release, and he has taken additional courses at Brooklyn College.

The State suggests that under these circumstances this defendant had the background, experience and familiarity with the criminal law to make a voluntary, competent and intelligent waiver of counsel, as did the defendant in *State v. Cole, supra*, 204 *N.J.Super.* at 625, 499 *A.*2d 1030. A limited exception may exist whereby the court's failure to discuss each of the elements in open court will not necessitate an automatic reversal when the record as a whole reveals a knowing and intelligent waiver. *United States v. Balough*, 820 *F.*2d 1485, 1488 (9th Cir.1987).

Because of our concern that granting this defendant a retrial might represent a miscarriage of justice to the State and needlessly burden the administration of justice as well as grossly disserve the interests of society, *see State v. Singletary*, 80 *N.J.* 55, 65, 402 *A.*2d 203 (1979) (Jacobs, J., concurring), and specifically severely disserve the victim who will again be called upon to recount the series of assaults and indignities to which she was subjected more than ten years ago, we have carefully examined the record for evidence of a voluntary, knowing and intelligent waiver of counsel. Unfortunately, that examination reveals the contrary.

First, defendant never expressly stated that he desired to waive his right to counsel, but instead argued he was being deprived of that right. Second, the trial judge never decided there was a knowing, voluntary and intelligent waiver of coun-

sel and, in fact, never addressed the question. Third, although defendant certainly has experience with the criminal justice system and may have been imbued with an exaggerated view of his expertise in the trial of a criminal matter because of the acquittal he obtained in California on retrial after having been convicted when represented by counsel, again our review of the record reveals the contrary. His *pro se* arguments on the many motions he made display a reasonable amount of intelligence; however, his handling of the cross-examination of the victim reflected that his *pro se* representation was exceedingly inept. Prior to that cross-examination, Mr. Philwin noted on the record the following:

> I have advised Mr. Crisafi about the difference between intrinsic and extrinsic impeachment of a witness and suggested that a rather delicate approach on this witness would be the best approach and not to get into a lot of depth and detail with her. Thank you.

Notwithstanding that eminently sound advice, Mr. Crisafi embarked upon an extensive and detailed cross-examination of the victim into the most intimate details of her ordeal. In fact, counsel's Point III on this appeal is that the trial judge unduly restricted his cross-examination of the victim because the trial judge wanted to complete her testimony so as not to require her to return for an additional day. We find no merit to defendant's contention as the trial judge made it clear that defendant could cross-examine as long as he wished and the judge would keep the jury there as long as necessary to complete the examination. Our point, however, is that it is painfully evident that defendant's cross-examination of the victim probably assured his conviction.

Unfortunately, the failure of the trial judge to ascertain whether defendant voluntarily and intelligently waived his constitutional right to counsel necessitates a reversal of defendant's conviction. The overwhelming evidence supporting the jury's guilty verdict and the necessity to relive this event over ten years later heightens our reluctance to reverse. Nonetheless, we are satisfied that at no time did defendant intelligently and voluntarily waive his constitutional right to repre-

sentation by counsel. We are unable to find that his prior experience with the criminal justice system, his background and his performance at this trial reflect such a waiver despite the trial judge's failure to address the issue as in *State v. Cole, supra.*

■ However, since defendant has already exercised his right to represent himself and now complains that he was unfairly disadvantaged as a result, it is not our intention that on retrial defendant again represent himself *pro se.* As we explained, the defect in the proceedings before us is the absence of defendant's knowing and intelligent waiver of counsel. This defect cannot be cured by allowing defendant to represent himself once more, even though his choice be intelligent and voluntary.

If now, after a penetrating and comprehensive inquiry by the Law Division judge, defendant chooses to act without an attorney, his election to do so must be understood as a ratification of the previous trial. The only appropriate remedy for the defect noted is a retrial at which defendant is represented by counsel. It is therefore a condition of our determination to grant a new trial that, within 45 days from the filing date of this opinion, defendant personally indicate on the record before that court or in writing, his signature to be acknowledged by him to a person authorized to administer oaths under the laws of the state of New Jersey, his intention to be represented by the office of the public defender or by private counsel.

If defendant decides within the stated time period that he does not choose to have a retrial at which he will be represented by counsel, he is to advise us promptly of that decision. In that event, his convictions shall be affirmed. To assist defendant in reaching his decision, we briefly address the other legal arguments raised by his counsel and by him on this appeal.

### III.

We find no merit to defense counsel's Points II, III, V, VI, and to defendant's *pro se* Point I. *See R.* 2:11–3(e)(2). With

respect to defense counsel's Point IV, we find that any error in the admission of defendant's prior conviction in 1971 as uncounseled was harmless. *See State v. Sands,* 76 *N.J.* 127, 386 *A.*2d 378 (1978). However, in the event defendant chooses a retrial at which he is represented by counsel, defendant through counsel shall be given the opportunity to present evidence that he was not represented by counsel when he pled guilty in 1971 to first degree sexual abuse in Westchester County, New York. *See State v. Koch,* 118 *N.J.Super.* 421, 288 *A.*2d 295 (App.Div.), *reaff'd,* 119 *N.J.Super.* 184, 290 *A.*2d 738 (App.Div.1972). Defendant's contention concerning remoteness of the convictions is without merit. *See State v. Sands, supra;* R. 2:11–3(e)(2).

Because we believe it has merit, we address Point II of defendant's *pro se* supplemental brief. The seventh count of the indictment charged defendant with possession of certain weapons, "a handgun and a letter opener," with a purpose to use them unlawfully against the victim in violation of *N.J.S.A.* 2C:39–4a. Although the indictment refers to the offense charged as a second degree offense, only possession of a firearm is a crime of the second degree under the statute, *N.J.S.A.* 2C:39–4a, whereas possession of any weapon except a firearm is a crime of the third degree. *N.J.S.A.* 2C:39–4d. In explaining to the jury the elements of this offense, the trial judge gave as the first element,

> ... that he possessed either a handgun or a letter opener or both, that he possessed either or both and that he possessed them or either with purpose of using that weapon or weapons against the person of [the victim].

Apparently the verdict form as to count seven only referred to possession "for the purpose to use unlawfully."

Thus, the jury's verdict on count seven does not specify whether it is based upon defendant's alleged use of a handgun or a letter opener, or both. However, defendant was acquitted of unlawful possession of a handgun as charged in count five, but convicted of unlawful possession of a letter opener as charged in count six. Nevertheless, the trial judge sentenced him under count seven to a term equivalent to a second degree

conviction. Defendant argues that any conviction as to count seven should have been based on possession of a letter opener for an unlawful purpose. We agree. At retrial, the seventh count of the indictment is to be amended to exclude the reference to a handgun, which will leave the charge, possession of a letter opener with a purpose to use it unlawfully against the person of the victim, a third degree crime. Combining the second and third degree crimes in one count of the indictment is duplicitous. *See State v. New Jersey Trade Waste Ass'n,* 96 *N.J.* 8, 21–22, 472 *A.*2d 1050 (1984) (Supreme Court explains the vices of duplicity).

If defendant elects not to have a retrial at which he is represented by counsel, the conviction on the seventh count will be amended to charge the third degree offense of possession of the letter opener with a purpose to use it unlawfully. The 10–year concurrent term imposed on count seven is vacated and the judge, on remand for resentencing, shall reimpose a sentence for a third degree conviction.

We find no merit to defendant's contention in Point III of his supplemental *pro se* brief that his conviction under count four of aggravated assault should have been merged into his convictions of aggravated sexual assault under counts one and two. *See State v. Davis,* 68 *N.J.* 69, 342 *A.*2d 841 (1975).

Lastly, we agree with the assertion by defense counsel in Point VII of his brief and defendant in Point IV of his addendum to his supplemental *pro se* brief. Although we do not find the sentences imposed necessarily excessive, we agree that the trial judge failed to set forth clearly the relevant aggravating and mitigating circumstances, *see State v. Miller,* 108 *N.J.* 112, 122, 527 *A.*2d 1362 (1987), or to follow the proper guidelines for the imposition of consecutive sentences and to give his reasons therefor. *See State v. Yarbough,* 100 *N.J.* 627, 498 *A.*2d 1239 (1985), *cert. denied,* 475 *U.S.* 1014, 106 *S.Ct.* 1193, 89 *L.Ed.*2d 308 (1986). Therefore, in the event defendant decides that he does not desire a retrial at which he is repre-

sented by counsel, his prior convictions are affirmed as amended, but the matter is remanded for reconsideration of the sentences imposed. At resentencing, the trial judge shall clearly set forth on the record the aggravating and mitigating circumstances found by him, *see N.J.S.A.* 2C:44–1, and the role that these circumstances played in the ultimate sentence imposed. If a decision is made to again impose consecutive sentences, the specific reasons therefor shall be given pursuant to *State v. Yarbough, supra.* We do not retain jurisdiction.