58 N.J. Super. 209 (1959)
156 A.2d 28
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH RINALDI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered November 23, 1959.
Decided November 25, 1959.
*211 Before Judges GOLDMANN, CONFORD and FREUND.
GOLDMANN, S.J.A.D.
Defendant was sentenced to State Prison after being convicted of entering, petit larceny, and possession of burglar tools. On August 7, 1959 Martin L. Duyk was assigned by the Essex County Court to represent defendant on appeal. Counsel obtained an order providing defendant with a free transcript and proceeded to investigate the matter by visiting defendant at the State Prison in Trenton and conferring with members of his family as well as the attorney who had represented him at the trial.
Notice of appeal was filed August 31, 1959. Counsel then applied for and obtained an order permitting defendant to appeal as an indigent. Thereafter he petitioned this court for a 30-day extension of time to perfect the appeal, alleging that Mrs. Rinaldi had informed him that defendant was in possession of newly discovered evidence and wanted to see him.
Counsel at once conferred with defendant, who was then at Rahway Prison Farm. Defendant told him he would shortly come into possession of certain documents which would prove that a witness at the trial, one Anthony Ligori, *212 committed perjury; further, that counsel would within the week receive the names and addresses of six witnesses who were out of the jurisdiction of the court at the time of the trial and whose testimony was material and would probably change the result if a new trial were granted. On October 23, 1959 we allowed a 30-day extension.
On October 30 defendant petitioned this court for a change of counsel, alleging that Duyk did not have his interests at heart and could not competently represent him. Not a single fact was cited in support. Here, in a different setting, we have another instance of a charge which, during the recent past and with strange frequency, has been leveled against demonstrably able trial counsel in prisoner applications for leave to appeal in forma pauperis. A charge so serious should be reserved for the rare occasion where it can be established as true beyond all question. Reckless resort to the charge has resulted in debasing it to the level of a rubber-stamp, unimpressive ground of appeal or, as here, reason for change of counsel. The result has often been libel visited upon capable attorneys who willingly and at some sacrifice have undertaken the task of representing impecunious defendants.
Defendant in his petition also requested this court to set nominal bail pending the appeal, so that he might locate and subpoena witnesses whom assigned counsel had been unable to locate. We denied the application on November 6.
In the meantime, defendant wrote Duyk that he had requested the court to relieve him as counsel, again asserting that Duyk did not have his interests at heart and stating that if counsel wished to continue in the case, "we have to get together and enter the briefs on my grounds." He threatened to file formal charges against him with the Bar Association. He also informed Duyk that the trial attorney had the names of the witnesses in his files, as well as subpoenas he had made out for them. By way of postscript he added, "It is my personal impression that you are conspiring against me & not with me."
*213 Thereafter Duyk petitioned this court to be relieved, attaching a copy of defendant's letter. The petition recites that counsel tried to obtain the names and addresses of the alleged six witnesses, as well as the originals of the documents which defendant said he would provide; that following receipt of the letter just mentioned he got in touch with the trial attorney and was informed that subpoenas for the witnesses had been drawn and given to defendant's brother to serve, but the brother had been unable to locate any of the persons mentioned, a fact fully confirmed by defendant's wife; and that although defendant had previously told him he had new addresses for the witnesses, he now indicated that the only ones were those he had given his trial attorney. Further, defendant had insisted that Duyk set out as grounds for appeal the conduct (not appearing in the record) of trial counsel  charges described by Duyk as slanderous per se and so incredible that he could not in good conscience present them. They were not recited in his petition because of the attorney-client relationship.
Investigation by the court has demonstrated that assigned counsel has done everything in his power to prosecute the appeal diligently and ethically, but defendant has not cooperated with him in his efforts. Inquiry through the office of the Rahway Prison Farm superintendent reveals that defendant will not give counsel the information he promised to furnish some time ago. There is nothing to show that he has the witnesses' addresses or the documents he represented as warranting a new trial.
The court will relieve counsel of his assignment. A defendant is entitled in a proper case to have assigned to him counsel who has sufficient ability to insure capable representation on appeal, and who will in good faith and with full vigor undertake that representation. Our consideration of all the papers, as well as our own investigation, convinces us that defendant's dissatisfaction is based solely on the fact that Duyk refuses to conduct the appeal in the manner he demands of him. Defendant has arrogated *214 to himself the right to say just what his attorney should do. Having launched an appeal based upon a claim that he had not been accorded due process at the trial level, he would now prosecute the appeal upon generalized charges having no visible foundation in fact.
We find that defendant has willfully failed to cooperate with assigned counsel. We have nothing more than his undefined and unsupported claim that Duyk is not interested in his cause and is conspiring against him.
The Constitution, as we had occasion to say in State v. Bentley, 46 N.J. Super. 193, 203 (App. Div. 1957), does not guarantee that counsel appointed for a defendant shall measure up to his notions of ability or competency. It is enough that the attorney assigned to the appeal is qualified to represent the prisoner, and that he has advised with him and done whatever possible to represent him competently. Counsel is not required to dance to the prisoner's tune.
Those unfortunate enough to be caught up in the web of the law and who, mistakenly or not, consider themselves aggrieved, must disabuse themselves of the notion now prevailing in certain prison circles that they may accept or reject assigned counsel, as whim or scheme dictates. The right to assigned counsel is not the right to pick an attorney of one's own choosing, nor the right to select counsel who will completely satisfy a defendant's fancy as to how he is to be represented.
However enlightened and liberal our assigned counsel program, we will not countenance a practice which, once indulged, can only result in bringing the judicial system into disrepute. In a letter just received by the court defendant has not only repeated his request to be relieved of present counsel, but indirectly suggests that another attorney be designated. We have vacated the assignment, on counsel's petition. In the circumstances, we will not assign new counsel. Defendant may now proceed with the appeal pro se.