137 N.J. Super. 32 (1975)
347 A.2d 545
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES REDDY AND ROBERT REDDY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1975.
Decided November 5, 1975.
*34 Before Judges LYNCH, ACKERMAN and LARNER.
Mr. Andrew G. Gay, member of the Pennsylvania Bar, argued for defendant Robert Reddy (Messrs. DeMichele and Ferrara, attorneys; Mr. Michael A. Ferrara, Jr. and Mr. Andrew G. Gay on the brief).
Mr. Michael A. Ferrara, Jr. argued for defendant Charles Reddy (Messrs. DeMichele and Ferrara, attorneys; Mr. Michael A. Ferrara, Jr. and Mr. John T. Grigsby on the brief).
Mr. Peter N. Gilbreth, Deputy Attorney General, argued for respondent (Mr. William F. Hyland, Attorney General, attorney).
PER CURIAM.
After a jury trial defendants were convicted of first degree murder and sentenced to life imprisonment. They assign several grounds of error.

*35 Application for continuance in order to retain new counsel

Both defendants were represented by public defenders for a considerable period of time. This representation continued without objection and without application of any kind until March 15, 1974, the return date of a motion to suppress evidence. Then, for the first time, both defendants applied for a continuance of the suppression hearing in order to obtain private counsel. Significantly, there was no representation made as to the availability or retainer of any particular counsel or proof of present financial ability to secure one.
At the time of the application defendants knew that the date for trial had been set for April 1, just two weeks off, and yet no application had been made to the assignment judge for continuance of the trial.
The judge hearing the motion denied the request and proceeded with the suppression hearing, rendering his decision on March 18, 1974. His reasons on the record fully justify the exercise of his discretion in denying the application for adjournment.
Although an accused has the right to the assistance of counsel, this right is defined as a fair opportunity to secure and consult counsel of his own choice. Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). It is clear from examining the development of the meaning of this right that "there is no absolute right to a particular counsel." United States ex rel. Carey v. Rundle, 409 F.2d 1210, 1215 (3 Cir.1969), cert. den. sub nom. Carey v. Rundle, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970).
In order to exercise the right to choose one's own particular counsel, reasonable diligence must be utilized. State v. Longo, 133 N.J.L. 301 (E. & A. 1945). Therefore, a failure to act expeditiously in obtaining counsel will *36 allow the trial judge the discretion to "do what is reasonably necessary to meet the situation." State v. Yormark, 117 N.J. Super. 315, 340 (App. Div. 1971), cert. den., Perwin v. New Jersey, 409 U.S. 862, 93 S.Ct. 151, 34 L.Ed.2d 109 (1972).
In addition to the move for a continuance, Charles Reddy added another tactic in an effort to disrupt and delay the judicial process. He attempted to frustrate the trial judge's ruling by a lengthy diatribe and unruly behavior. After several warnings he was removed from the courtroom. Prior to being removed he was told that he would be allowed to return whenever he was willing to comport himself with courtroom decorum. The judge conducted this troublesome phase of the proceeding properly and in accordance with the guidelines set forth in Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, reh. den., 398 U.S. 915, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970). See also, State v. Spivey, 122 N.J. Super. 249 (App. Div. 1973), rev'd on other grounds 65 N.J. 21 (1974).
The trial judge's rulings in connection with defendants' applications for continuance of the suppression hearing comport with propriety within the ambit of the discretion vested in him.

Motion to Suppress
Defendants' motion to suppress evidence found in the automobile occupied by them when they were arrested was denied by the court. Our review of the evidence at the suppression hearing and the factual findings of the trial judge convince us that the searches involved complied with the reasonableness mandated by the Fourth Amendment. Warrantless searches of automobiles undertaken by the police are supportable either on the theory of a permissible search and seizure of the vehicle as an instrument of crime, State v. McKnight, 52 N.J. 35, 57 (1968), or as a search *37 incidental to the arrest, State v. Carter, 54 N.J. 436, 448 (1969), cert. den., 397 U.S. 948, 90 S.Ct. 969, 25 L.Ed. 2d 130 (1970); State v. Fioravanti, 46 N.J. 109 (1965), cert. den., 384 U.S. 919, 86 S.Ct. 1365, 16 L.Ed.2d 440 (1966). The contention of defendants on this point is without merit.

Jury Questions
The jury interrupted its deliberations and submitted three questions to the judge which sought responses calling for the judge to make specific factual findings in an area within the exclusive province of the jury. The judge could have satisfied his judicial obligation by simply refusing to answer these questions and advising the jurors that they would have to determine the answers from the testimony which they heard.
In effect, he did this, but continued to note that if the jury desired to have the testimony of any witnesses read he would make arrangements to call back the reporter who at the time was on military reserve duty at Camp Drum. He pointed out that this could not be accomplished until the next day, and then instructed the jury to search their recollection again and, if necessary, advise him if they desired the testimony to be read. The jury never requested the reading of the testimony.
No objection was made by defendants to the judge's ruling on the subject. Defendants now assert error in the judge's failure to read pertinent portions of the testimony in response to the jury's queries. The judge acted properly within his discretion and without prejudice to defendants. The point has no merit.

Motion for Mistrial
Defendants moved for a mistrial because of publication of a newspaper article relating to a guilty plea by a codefendant Albert Locke. The judge denied the motion. *38 After the verdict defendants moved for a new trial, urging this ground anew. The judge denied the motion for new trial in an opinion reported in 130 N.J. Super. 14 (Law Div. 1974). We affirm the court's denial of the mistrial motion substantially for the reasons expressed in said opinion.

Identification of Robert Reddy
Defendant Robert Reddy attacks the guilty verdict because the prosecutor failed to ask the police officers during trial whether the Robert Reddy in court was the Robert Reddy arrested by the police the night of the robbery. The argument is nothing other than sophistry.
The jury had before it the man, Robert Reddy, and a photograph of the individual who was in the get-away car and arrested by the police. They could therefore compare the photograph with defendant and conclude that it was the same person. Furthermore, there was evidence of the uninterrupted custody of the Robert Reddy in the vehicle from the time of his arrest to the time of Robert Reddy's appearance in court. In the absence of evidence to the contrary, we can assume that a stranger was not substituted for the accused by the police who had him in custody.

Conclusion
The record reveals that defendants were convicted on the basis of ample evidence of guilt at a trial conducted with propriety and fairness. Judgment is affirmed.