715 A.2d 326 (1998)
314 N.J. Super. 426
STATE of New Jersey, Plaintiff-Respondent,
v.
Alonzo COON, Petitioner-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted June 8, 1998.
Decided July 29, 1998.
*328 Ivelisse Torres, Public Defender, for petitioner-appellant (John Havrilchak, Designated Counsel, of counsel and on the brief).
Patricia A. Hurt, Essex County Prosecutor, for plaintiff-respondent (Hilary L. Brunell, of counsel and on the brief).
Before Judges SKILLMAN and STEINBERG.
*327 The opinion of the court was delivered by STEINBERG, J.S.C. (temporarily assigned).
Alonzo Coon, now known as Jalani Bakari (petitioner), appeals from the denial of his petition for post-conviction relief. We agree with petitioner that the record does not support the trial judge's conclusion that he knowingly, intelligently, and voluntarily waived his right to appellate counsel and reverse the order denying his petition for post-conviction relief.
A jury found petitioner guilty of first-degree robbery, contrary to the provisions of N.J.S.A. 2C:15-1 (Counts One and Two), first-degree kidnapping, contrary to the provisions of N.J.S.A. 2C:13-1b(1) (Count Three), third-degree aggravated assault, contrary to the provisions of N.J.S.A. 2C:12-1b(2) (Count Four), unlawful possession of a weapon, contrary to the provisions of N.J.S.A. 2C:39-5b (Count Six) and second-degree possession of a weapon for an unlawful purpose, contrary to the provisions of N.J.S.A. 2C:39-4a (Count Seven). The trial judge imposed an aggregate sentence of thirty-six years in prison with sixteen years to be served without parole. He also imposed the appropriate monetary penalties.
The Office of the Public Defender perfected an appeal on behalf of petitioner. While the appeal was pending, petitioner expressed dissatisfaction with the Assistant Deputy Public Defender (Public Defender) assigned to represent him. Accordingly, the Public Defender filed a motion seeking to be relieved as counsel. In that motion, she alleged, in pertinent part, as follows:
3. Defendant has advised me, verbally and in writing, that he does not wish to be represented by the Office of the Public Defender. He wishes to keep open the option of proceeding pro se, and he has requested that I send him the transcripts and all the documents in his file. Therefore, I am filing the within motion.
On March 22, 1989, we granted that application and required the public defender to send a copy of the order to petitioner. That order further provided, as follows:
If defendant does not perfect this appeal by filing his brief and appendix, including all transcripts, either pro se or through substituted counsel, within thirty days after the mailing of said notice, the Clerk shall dismiss the appeal for lack of prosecution without further notice.
Shortly thereafter, petitioner filed a brief pro se raising nine separate points of error, together with a supplemental point. He also filed a reply brief raising nine separate points.
We affirmed petitioner's conviction in an unreported opinion. State v. Koon, No. A-4884-87T2 (App.Div. February 14, 1990).[1] *329 Petitioner thereafter filed a petition for certification which was denied by the Supreme Court. State v. Koon, 122 N.J. 354, 585 A.2d 365 (1990). Petitioner's motion for reconsideration and for the appointment of counsel was also denied by the Supreme Court. Petitioner then filed a petition for post-conviction relief which was denied on February 5, 1993. On appeal from the denial of the petition for post-conviction relief, we concluded that petitioner was denied the effective assistance of counsel in his petition for post-conviction relief and remanded. The matter is before us again, on appeal from the denial of his petition for post-conviction relief after remand.[2]
At the hearing on the petition for post-conviction relief, petitioner denied advising the Public Defender, either verbally or in writing, that he no longer wished to be represented by the Office of the Public Defender. In addition, he denied receiving the motion to be relieved as counsel and asserted that he was unaware of the application until he received the order.
The motion judge resolved the credibility issue against petitioner and concluded that petitioner, verbally and in writing, advised the Public Defender that he did not wish to be represented by her office and wished to keep open the option of proceeding pro se. The motion judge also rejected petitioner's contention that he did not understand what was meant in the order by the term "substituted counsel." Finally, the motion judge, persuaded by the fact that petitioner filed a comprehensive brief before the Appellate Division, as well as his subsequent legal efforts, determined that petitioner fully understood his right to counsel and his right to proceed pro se. The motion judge determined that petitioner knowingly and intelligently waived his right to counsel. In addition, the motion judge concluded that petitioner was not entitled to a hearing to determine whether there was a valid waiver of the right to counsel indicating that such a hearing, either in the Appellate Division or on remand to a trial judge, would be an unnecessary burden on and inefficient use of judicial time. We disagree.
Fundamental rights explicitly rooted in the Constitution require a waiver by petitioner that is "knowing and intelligent." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Among these fundamental rights that are explicitly routed in the Constitution is the right to counsel. State v. Bellucci, 81 N.J. 531, 543, 410 A.2d 666 (1980). The assistance of counsel is essential to ensuring fairness and due process in criminal prosecutions. State v. Sugar, 84 N.J. 1, 16, 417 A.2d 474 (1980). However, defendants possess not only the right to counsel, but the right to dispense with counsel and to proceed pro se. Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562, 572 (1975). Nevertheless, a petitioner can only exercise the right to self representation by first knowingly and intelligently waiving the right to counsel. McKaskle v. Wiggins, 465 U.S. 168, 173, 104 S.Ct. 944, 948, 79 L.Ed.2d 122, 130 (1984). "[E]very reasonable presumption will be indulged against waiver of so fundamental a right as the right to counsel." State v. Kordower, 229 N.J.Super. 566, 577, 552 A.2d 218 (App.Div.1989). Ordinarily, before a court may permit a defendant to waive counsel and proceed pro se, there must be a comprehensive, penetrating and painstaking inquiry of the defendant. See State v. Kordower, supra, 229 N.J.Super. at 577, 552 A.2d 218; State v. Guerin, 208 N.J.Super. 527, 535, 506 A.2d 743 (App.Div.1986); and State v. Abbondanzo, 201 N.J.Super. 181, 184, 492 A.2d 1077 (App.Div.1985). Before permitting a waiver of counsel, "a judge must investigate as long and as thoroughly as the circumstances of the case before him demand." *330 Von Moltke v. Gillies, 332 U.S. 708, 723-24, 68 S.Ct. 316, 323, 92 L.Ed. 309, 321 (1948).
Faretta requires that a defendant be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." Faretta, supra, 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 582. It is only after a painstaking and thorough inquiry that a court can be satisfied that a defendant's waiver of counsel is knowing and voluntary in that he knows what he is doing and his choice is made with his eyes open. Here, there was no inquiry at all. Accordingly, we are unable to conclude that defendant knowingly and intelligently waived his right to counsel.
The State argues that there is no requirement that a waiver of appellate counsel be approved only after an in-court, thorough, painstaking inquiry by a judge. The State argues that since there is no constitutional right to appeal, the right to counsel on appeal is a derivative right, not expressly identified in the constitution. Although there is no constitutional right to an appeal, Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891, 898 (1956), once a right to appeal is provided, that right must be protected in a non-discriminatory fashion. Accordingly, an indigent defendant has a right to counsel on direct appeal. Douglas v. California, 372 U.S. 353, 357, 83 S.Ct. 814, 816, 9 L.Ed.2d 811, 814 (1963). We agree with the State that there are some intermediate-level rights that implicate the Constitution but are not expressly identified therein and in those cases an on-the-record waiver by a defendant generally is not required. See State v. Buonadonna, 122 N.J. 22, 35, 583 A.2d 747 (1991) (defendant's right to separate trials could be waived off the record by defense counsel even though there was a right to severance as of right in light of the fact that the State intended to introduce a statement by one defendant implicating another defendant); State v. Savage, 120 N.J. 594, 629-30, 577 A.2d 455 (1990)(waiver of the right to testify need not be on the record in order to withstand appellate scrutiny); and State v. Pratts, 71 N.J. 399, 400-01, 365 A.2d 928 (1976)(trial court properly did not involve itself in dispute between defendant and counsel regarding counsel's decision not to call a certain witness). However, these cases involve strategical and tactical decisions of a counselled defendant, with constitutional implications, as opposed to a right so fundamental as the right to counsel. The United States Supreme Court has held that although requiring a defendant to stand trial in prison attire may impact upon the constitutionally protected right to a fair trial, and the presumption of innocence, nevertheless the decision may have been a strategic one, and, therefore, the trial judge was not required, in the absence of an objection from defendant, to conduct an inquiry of defendant or counsel as to whether he was deliberately going to trial in jail clothes. Estelle v. Williams, 425 U.S. 501, 512, 96 S.Ct. 1691, 1697, 48 L.Ed.2d 126, 135 (1976). The Supreme Court contrasted the decision of the act of standing trial in prison attire with the question of whether the accused willingly stood trial without the benefit of counsel, concluding, as follows:
Under our adversary system, once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with the accused and his attorney. Any other approach would rewrite the duties of trial judges and counsel in our legal system.

[Ibid.]
Similarly, we have held that the decision of a defendant in a criminal case as to whether to testify is an important strategic or tactical decision to be made by a defendant with the advise of counsel State v. Bogus, 223 N.J.Super. 409, 423, 538 A.2d 1278 (App.Div.), certif. denied, 111 N.J. 567, 546 A.2d 497 (1988). We conclude that the trial judge should not discuss the issue directly with a represented defendant, since that "may inappropriately involve the trial court in the unique attorney-client relationship, raising possible Sixth Amendment as well as Fifth Amendment concerns." Id. at 423-24, 538 A.2d 1278.
Here we are not dealing with a strategic or tactical decision. We are dealing with the fundamental right to counsel, not a derivative *331 or intermediate-level right. Since we consider the right to counsel to be so fundamental not only at trial, but also on appeal, a waiver of that right can only be considered knowing, intelligent and voluntary after a thoughtful painstaking inquiry by a judge so that a reviewing court can be satisfied that the waiver was, in fact, knowing, intelligent and voluntary.
We reject the State's argument that petitioner's interest in legal representation on appeal is not nearly as "acute" as the right to counsel at trial. While appellate skills may be different from trial skills, the fact remains that very few laymen possess either. As the United States Supreme Court has indicated:
In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding thatlike a trialis governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellantlike an unrepresented defendant at trialis unable to protect the vital interests at stake.
[Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821, 830 (1985) ].
The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage. Both stages of the prosecution, although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not foregone and that substantial legal and factual arguments are not inadvertently passed over.
[Penson v. Ohio, 488 U.S. 75, 85, 109 S.Ct. 346, 352, 102 L.Ed.2d 300, 311 (1988).]
Relying upon State v. Crisafi, 128 N.J. 499, 608 A.2d 317 (1992), the motion judge also found that the record clearly demonstrated that petitioner was a court-wise defendant, who fully appreciated the risks of proceeding without counsel, and decided to proceed pro se with his eyes open and his appellate brief ready for filing. The motion judge further concluded that defendant's background and experience fully supported its ultimate conclusion that petitioner well knew the pitfalls of proceeding pro se before us. We disagree.
In Crisafi, supra, the Court emphasized the fact that in the exceptional case, if the record indicates that defendant actually understood the risks of proceeding pro se, the absence of a searching inquiry will not undermine the waiver of counsel. However, the Court noted that this exception applies only in rare cases. Id. at 499, 608 A.2d 317. There, defendant was fifty-seven years old at the time of trial and had extensive experience with the criminal justice system. His adult criminal record included convictions for grand larceny, grand theft, petty larceny, rape, and sexual abuse. In 1958, Crisafi had represented himself before a California jury on a rape charge and had obtained an acquittal. According to his presentence report, Crisafi, while incarcerated, took courses at the University of California at Berkeley, which awarded him a Bachelor's degree in Business Law after his release. The report also indicated that he had taken additional courses at Brooklyn College. In addition, the record indicated that defendant was sufficiently informed of the sentencing alternatives. Furthermore, the record demonstrated that defendant was aware of his potential defenses and available trial strategies. Crisafi also had standby counsel with him during the trial to assist him. Finally, the Supreme Court concluded that defendant sought to manipulate the system by wavering between assigned counsel and self-representation and by asserting violations of his right to counsel while rejecting every attorney assigned to his case. As the Supreme Court recognized, Crisafi was the truly idiosyncratic defendant for whom a painstaking inquiry was not necessary. The record in this case does not lead to the same conclusion. There is no indication of defendant's involvement in the criminal justice system. There is further no indication, in the record, as to his education, and his knowledge of the pitfalls he would be facing in appealing pro se. Moreover, the record does not indicate whether defendant has ever represented himself before. Accordingly, there is nothing in this record which satisfies us that a *332 painstaking inquiry of defendant was not necessary in order to determine whether his waiver of the right to counsel was knowing or voluntary.
Finally, the State argues that petitioner is procedurally barred from raising this contention in a petition for post-conviction relief. R. 3:22-4 precludes any claim that could have been raised, but was not raised, in a prior proceeding. The State argues that petitioner could have raised the ineffectiveness of his waiver when he sought certification before the Supreme Court. In fact, after the Supreme Court denied his petition for certification, he sought reconsideration of that decision and urged, for the first time, that he had not knowingly, intelligently and voluntarily waived his right to counsel on appeal. However, petitioner's application for reconsideration was out of time and was dismissed as "moot." Even if this claim could have been raised in prior proceedings, we decline to deny the application based upon the procedural bar of R. 3:22-4 because to do so would result in a fundamental injustice. See R. 3:22-4(b).
Finally, we reject the State's contention that R. 3:22-5 procedurally bars this application since there has been a prior adjudication upon the merits. The denial of the motion for reconsideration as being "moot" does not constitute an adjudication upon the merits of petitioner's claim that he did not knowingly, intelligently and voluntarily waive his right to appellate counsel. Accordingly, the procedural bar of R. 3:22-5 does not apply.
We do not, in this opinion, deviate from a long line of cases recognizing that a court may not require the Public Defender to assign new counsel to a defendant who was dissatisfied with the attorney assigned to represent him, absent a showing of "substantial cause." State v. Lowery, 49 N.J. 476, 489-90, 231 A.2d 361 (1967) and State v. Wiggins, 158 N.J.Super. 27, 34, 385 A.2d 318 (App.Div.1978). Disagreement over defense strategy does not rise to the level of good cause or substantial cause. State v. Crisafi, 128 N.J. 499, 518, 608 A.2d 317 (1992). The constitutional right to the assistance of counsel provides a fair opportunity to secure and consult counsel of a defendant's own choice, but there is no absolute right to a particular counsel. State v. Reddy, 137 N.J.Super. 32, 35, 347 A.2d 545 (App.Div.1975).
Moreover, the constitution does not guarantee that counsel appointed for a defendant shall measure up to his notions of ability or competency. Assigned counsel is not required to dance to the prisoner's tune. State v. Rinaldi, 58 N.J.Super. 209, 214, 156 A.2d 28 (App.Div.1959). Simply put, a defendant does not have the right to accept or reject assigned counsel, as whim or scheme dictates. Ibid. The right to assigned counsel is not the right to pick an attorney of one's own choosing, nor the right to select counsel who will completely satisfy a defendant's fancy as to how he is to be represented. Ibid.
In addition, a defendant cannot have it both waysthat is, he cannot refuse to represent himself but at the same time reject the services of assigned counsel. State v. McCombs, 81 N.J. 373, 378, 408 A.2d 425 (1979). The choice between proceeding with an attorney with whom the defendant disagrees or proceeding pro se may produce a valid waiver of counsel. State v. Buhl, 269 N.J.Super. 344, 361, 635 A.2d 562 (App.Div. 1994).
We merely hold today that before permitting a defendant to waive his right to appellate counsel there must be an inquiry of defendant in order to be assured that his waiver of the valuable right to counsel is voluntary, knowing and intelligent. We have previously held that a defendant cannot be deemed to have waived his right to an attorney to argue his motion for a new trial following a jury's verdict unless the trial judge has engaged in a searching inquiry with the defendant to determine whether his waiver was knowing and voluntary. State v. Wiggins, 291 N.J.Super. 441, 451, 677 A.2d 800 (App.Div.1996). We required that defendant be informed of the technical problems he may encounter and of the risks he takes if his motion is unsuccessful. Ibid. In addition, we required that he be apprised that he would be bound by all applicable procedural and evidentiary rules and that his lack of *333 knowledge of the law may impair his ability to successfully argue for a new trial. Ibid. We imposed those requirements in order to test defendant's understanding of the implications of the waiver and also to provide an appellate tribunal with an objective basis for review. We did so even though we recognized that the burdens facing a defendant at that stage of the proceedings might not be as formidable as those confronting him at the outset of the trial. We believe the same procedural safeguards are necessary when the defendant purports to seek to prosecute an appeal from a criminal conviction pro se. We require these safeguards in order to assure ourselves of the fact that a defendant who proceeds pro se does so with his eyes wide open, with full knowledge and understanding of his right to assigned counsel, what will possibly be confronting him if he proceeds pro se, what the expectations of him will be, and what the potential consequences may be. Simply put, a defendant has the choice of retaining private counsel, accepting assigned counsel, or proceeding pro se. However, before he waives counsel, either retained or assigned, a court must be satisfied the waiver is knowing, intelligent and voluntary.
We reverse the denial of the petition for post-conviction relief. Since defendant has been represented by the Office of the Public Defender on this appeal, we are satisfied that he is indigent and direct the Office of the Public Defender to file a new appeal on behalf of defendant within forty-five days. Since we conclude from the record that defendant did not intelligently waive his right to appellate counsel, the appeal shall be considered as if it were a direct appeal from the Judgment of Conviction. In the future, if appellate counsel seeks to withdraw as counsel, we direct that a motion shall be filed with this court seeking that relief. If the basis of the motion is the defendant's expressed desire to proceed pro se, the motion should also seek a remand to the trial court to determine whether the defendant's waiver of appellate counsel is voluntary, knowing and intelligent. The trial judge shall then conduct an on-the-record, hearing, with defendant present, in order to be assured that petitioner understands what is taking place and has an opportunity to be heard regarding the application. In the event defendant indicates a desire to proceed pro se, a painstaking inquiry should take place so that the trial judge can be assured that any waiver of the right to counsel is intelligent, knowing and voluntary.
Reversed.
NOTES
[1] In his prior appeal, petitioner's last name was spelled Koon; in this appeal it was spelled Coon in his Notice of Appeal.
[2] Petitioner also filed an application for a writ of habeas corpus with the United States District Court alleging that he did not knowingly and intelligently waive his right to counsel during his first appeal as of right. A district court judge granted the writ. Bakari v. Beyer, 863 F.Supp. 192 (D.N.J.1994). Thereafter, the Third Circuit Court of Appeals reversed. Bakari v. Beyer, 82 F.3d 404 (3rd Cir.1996). Although the reversal by the Third Circuit Court of Appeals merely notes the reversal without setting forth the reason for it, defendant does not dispute the State's assertion that the reversal was for failure of the defendant to exhaust his State remedies before proceeding in the Federal Court.