**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5690-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

IRVIN MORALES,

    Defendant-Appellant.

_____

> Submitted September 16, 2020 – Decided November 17, 2020
>
> Before Judges Whipple and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 01-08-0292.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).
>
> Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the briefs).
>
> Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Irvin Morales appeals from the April 17, 2019, denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. He also appeals from the concurrent denial of his motion to compel DNA testing of certain crime scene evidence. We affirm.

Defendant raises the following issues on appeal.

> POINT I.
> MR. MORALES WAS ENTITLED TO RELAXATION OF THE TIME BAR BECAUSE HE HAD SHOWN EXCUSABLE NEGLECT AND THAT THE INTERESTS OF JUSTICE DEMANDED THAT HIS CLAIMS BE ADJUDICATED ON THE MERITS.

> POINT II.
> THE PCR COURT ERRED WHEN IT DENIED MR. MORALES' MOTION TO TEST THE DNA ON CIGARETTE BUTTS FOUND AT THE CRIME SCENE.

In his pro se supplemental brief, defendant raises these additional points.

> POINT I.
> MR. MORALES WAS ENTITLED TO HAVE JUDGE CONFORTI RECUSE HIMSELF BECAUSE HE HAD MADE A SHOWING THAT THE JUDGE WAS ACTUALLY BIASED AND/OR HIS ACTIONS GAVE THE APPEARANCE OF BIAS.

> POINT II.
> MR. MORALES' PCR COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL AS IT RELATES TO THE MOTION FOR RECUSAL.

2

The facts underlying defendant's conviction for the victim's death are stated in our decision on defendant's direct appeal,[1] and need not be repeated at length herein. Because the basis of the PCR court's dismissal was the time bar imposed under Rule 3:22-12(a), we focus on the relevant procedural history.

On November 28, 2005, defendant pleaded guilty to felony murder, N.J.S.A. 2C:11-3a(3), pursuant to Rule 3:9-2. Because he was charged with an offense then punishable by death, the defendant was not required to provide a factual basis, so numerous exhibits were offered. Upon receiving that evidence, Judge Peter Conforti confirmed with defendant that he was freely and voluntarily entering his plea of guilty with the full knowledge and advice of his counsel, and the defendant acknowledged that no one was pressuring him to plead guilty. The court then accepted the defendant's guilty plea.

Defendant was sentenced in February 2006 to a thirty-year aggregate prison term subject to an eighty-five percent period of parole ineligibility. We

---

[1] State v. Morales, No. A-6138-09T4 (App. Div. December 16, 2013).

affirmed his conviction and sentence, and certification[2] was denied in June 2014.[3]

In June 2015, defendant filed a pro se PCR petition, and in August 2015 the court granted his request for assignment of counsel. A month later, the court also granted the Office of the Public Defender's request for 120 days from assignment to file an amended petition. Thereafter, two lawyers were assigned

---

[2] State v. Morales, 218 N.J. 275 (2014).

[3] Extensive post-judgment litigation followed defendant's conviction. In July 2009, more than three years after the entry of the judgment, defendant moved to file an appeal as within time. The motion was returned unfiled. Three months later, in October 2009, defendant filed a certification in support of a motion to file out of time, dated June 26, 2009. That motion was returned to him unfiled. In November 2009, defendant submitted a certification in support of his motion to proceed as an indigent. A few weeks later, the Office of the Public Defender advised defendant he was out of time to file an appeal and advised him he could file a petition for PCR. That December, defendant filed a Notice of Appeal, a Criminal Case Information Statement, a Notice of Motion for Leave to Appeal as Indigent, an Indigency Certification, and a Certification of Service. In August 2010, defendant filed another Certification in Support of his Motions for Leave to Appeal as Within Time; for the Assignment of Counsel; and for Transcripts.

In August 2011, we granted defendant's motion to file his appeal as within time. In January 2012, defendant filed a Notice of Motion to Remand for a State v. Coon, 314 N.J. Super. 426 (App. Div. 1998), hearing and to Relieve the Public Defender as Counsel, which we granted. The hearing was held on April 18, 2012, before Judge Conforti, and defendant was assigned a new public defender.

After resolving the defendant's representation issues, on July 26, 2012, we removed defendant's appeal from the Excessive Sentence Calendar and placed it on the plenary docket and entered a Scheduling Order on August 1, 2012. On December 16, 2013, we affirmed defendant's conviction.

in succession by the Public Defender's Office to represent defendant, and Judge Conforti conducted dozens of Case Management Conferences and granted liberal adjournments to confer, conduct investigations, and to ensure defendant's participation in proceedings via remote appearances from New Hampshire.

On January 5, 2017, through counsel, defendant moved to recuse Judge Conforti, and in February 2018, moved to compel DNA testing of cigarette butts from the area around the crime scene. Defendant's petition and the two motions were then scheduled, and defendant was ordered to be present for the hearing. On April 17, 2019, after hearing oral argument from counsel and defendant, the court denied the motion to recuse and denied defendant's motion to compel DNA testing. Finally, the court denied the PCR petition without an evidentiary hearing because it was time-barred. This appeal followed.

Having conducted a de novo review, we reject defendant's arguments; we agree that defendant's petition was time-barred, and defendant made no showing of excusable neglect. Moreover, defendant made no showing that enforcement of the time bar would result in a fundamental injustice. Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were

A-5690-18T4

found to be true enforcement of the time bar would result in a fundamental injustice."  Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'"  State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).  When a first PCR petition is filed more than five years after the date of entry of the judgment of conviction, the PCR court should examine the timeliness of the petition, and defendant must submit competent evidence to satisfy the standards for relaxing the rule's time restriction.  State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition."  State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).  Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits."  Afanador, 151 N.J. at 52 (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)).

A-5690-18T4

Defendant was sentenced on February 3, 2006. His petition for PCR was filed on June 15, 2015, more than four years beyond the five-year time limit. Defendant contends that there was excusable neglect for the late filing because he was serving his New Jersey sentence in New Hampshire[4] and was pursuing his direct appeal.

We reject these arguments. Defendant was housed in New Hampshire after he requested a transfer; however, the assertion he was incapable of pursuing post-judgment legal remedies from there is belied by the extensive record of post-judgment litigation he conducted. In his pro se petition he asserted he was actively engaged in challenging his conviction on direct appeal. However, we have long rejected the argument that a direct appeal tolls the restrictions of Rule 3:22-12. State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986). Moreover, the Public Defender's Office advised him as early as November 24, 2009, that he could file a petition for PCR.

Defendant argues the court erred when it determined the motions without the submission of briefs. We reject this argument as well. During oral argument at the PCR hearing on April 17, 2019, Judge Conforti stated, "I gave counsel for the defendant . . . an additional four months to, I believe, to submit an amended

---

[4] Defendant requested a transfer to New Hampshire to be near his family.

petition to address relaxation of the five-year ban." There is no record that an amended petition was ever filed despite the opportunity, and indeed, the suggestion for defendant to do so.

Defendant has also failed to show a reasonable probability that enforcement of the time bar would result in a fundamental injustice. Defendant asserts that he did not commit the offense and his attorney did not investigate. He claims he only pleaded guilty because he was afraid of the death penalty. Despite having entered a guilty plea, which he acknowledged under oath as free and voluntary, he now asserts a third person killed the victim. This allegation is the basis of his unsuccessful motion to have cigarette butts, which were located at the scene where the victim's body was discovered, tested to see if DNA matched the third person he identified.

N.J.S.A. 2A:84A-32(a)(d)(4) mandates what factors must be demonstrated for the court to grant an application for post-conviction DNA testing: "The court shall not grant the motion for DNA testing unless, after conducting a hearing, it determines that . . . the eligible person has made a prima facie showing that the evidence sought to be tested is material to the issue of the eligible person's identity as the offender[.]"

Judge Conforti found that the cigarette butts were located in a public area near the victim's body. The defendant's request for DNA testing was denied, the judge stated, because testing would not exculpate the defendant if the butts did not contain his DNA. We agree that defendant's request therefore does not meet the standard of the statute, and affirm Judge Conforti's decision to reject the petition for DNA testing of the cigarette butts.

Finally, there was no showing that required an evidentiary hearing on defendant's PCR petition. A defendant is entitled to an evidentiary hearing if he establishes a prima facie case in support of the PCR petition. R. 3:22-10(b). To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987).

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5690-18T4