# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1895-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

E.G., [1]

     Defendant-Appellant.

_____

Submitted April 30, 2025 – Decided August 7, 2025

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 17-01-0269 and 17-01-0271.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

_____

[1] We use initials to protect the identity of domestic violence victims. R. 1:38-3(c)(12).

PER CURIAM

Defendant E.G. appeals from the Law Division's February 13, 2024 order denying his petition for post-conviction relief (PCR), decided with a limited evidentiary hearing.

On appeal, defendant presents the following arguments for our consideration:

> POINT I
>
> BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM TRIAL COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR RELIEF.
>
> . . . .
>
> (B) The PCR judge erred in not granting relief after the evidentiary hearing established ineffective assistance of counsel.
>
> (C) The PCR judge erred in not holding an evidentiary hearing on defendant's many claims where defendant established a prima facie case.
>
> > 1) Defendant was deprived of the right to testify on his own behalf.
> >
> > 2) Defendant was deprived of the right to present a defense on his behalf.
> >
> > 3) Defendant suffered as a result of prosecutorial misconduct.

2

4) Defendant was provided ineffective assistance when counsel failed to move for a change of venue.

5) Defendant was provided ineffective assistance when counsel failed to file a motion to suppress.

6) Defendant's statement to the detective during the search warrant should have been suppressed.

7) Defendant's remaining claims deserved a remand for an evidentiary hearing.

8) Defendant was denied the effective assistance of appellate counsel.

Having reviewed these contentions under the applicable standard of review, we affirm.

I.

We recite the pertinent facts from our decision affirming defendant's convictions on two separate indictments. State v. E.G., Nos. A-3999-18, A-4000-18 (App. Div. Oct. 6, 2020), certif. denied., 245 N.J. 247 (2021). After six-and-one-half years as a Newark police officer, defendant was terminated in 2008. Id. at 2. He was required to return department-issued equipment but could retain items he purchased for himself, including his uniform. Ibid. At the time, defendant claimed he could not locate his badge. Ibid.

3

In 2013, defendant and C.S. began a year-long dating relationship. Ibid. On November 20, 2014, C.S. obtained a temporary restraining order (TRO) against defendant pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. Ibid. An amended TRO was served on defendant the next day and again on January 14, 2015, both containing a standard preprinted prohibition against possessing weapons. Id. at 2-3. Defendant did not surrender any firearms or other prohibited items to the officers who served the TROs.

The December 18, 2015 final restraining order (FRO) entered against defendant also contained a standard preprinted prohibition against possessing weapons. Id. at 3-4. Defendant did not surrender firearms or other prohibited items to the officer who served the FRO.

After he was served with the TROs, defendant obtained a TRO against C.S. Id. at 4. In December 2014, defendant reported to police C.S. violated the TRO by calling him twice from her work phone. After the Essex County Prosecutor's Office (ECPO) obtained evidence showing C.S. was not at work on the date defendant alleged she called him, it dismissed the complaint.

Defendant again reported to police C.S. was stalking him and violated the TRO by contacting him on five dates in February 2015. Ibid. When a Newark detective interviewed defendant about his allegations, defendant denied having

4

any firearms. Ibid. The investigation revealed defendant's statements regarding C.S. were false, he impersonated a police officer during his relationship with her, and he possessed firearms in violation of the TRO and FRO. Ibid.

During execution of the resulting warrant to search for weapons in defendant's apartment, defendant was briefly handcuffed and seated in a chair. Id. at 4-5. A detective asked defendant if he had guns in the apartment, which defendant initially denied; he later stated he already surrendered the guns. Id. at 5. The search uncovered two handguns in a duffle bag in defendant's laundry room, handcuffs, a badge holder and identification card for the Newark Police Department. Ibid.

In a twelve-count indictment (No. 17-01-0269), an Essex County grand jury charged defendant with weapons offenses, giving false information to law enforcement and impersonation. Id. at 5-6. A jury convicted defendant of four counts of false reports to a law enforcement officer, N.J.S.A. 2C:28-4(b)(1) (counts four, six, nine, and ten) and fourth-degree impersonating a law enforcement official, N.J.S.A. 2C:21-17(a)(1) (count eleven). Id. at 6.

In a second indictment (No. 17-01-0271), an Essex County grand jury charged defendant with two counts of third-degree certain persons not to have

A-1895-23

weapons, N.J.S.A. 2C:39-7(b)(3). Id. at 6-7. A separate jury convicted defendant of both counts. Id. at 7.

On December 14, 2018, defendant was sentenced to 365 days in jail on each count in Indictment No. 17-01-0269, imposed concurrently. Id. at 2. On April 24, 2019, defendant was sentenced to a five-year prison term with a forty-two-month period of parole ineligibility on each count of Indictment No. 17-01-0271, imposed concurrently with each other and consecutively to the jail terms imposed under Indictment No. 17-01-0269. Ibid.

Following our affirmance of his convictions, defendant filed a pro se petition for PCR on June 22, 2021. Assigned counsel later filed a supplemental brief, certification and appendices. The State opposed the petition.

Defendant asserted ineffective assistance of trial counsel in both indictments based on several alleged errors, along with a Brady[2] violation. In No. 17-01-0269, defendant claimed trial counsel neglected to present exculpatory evidence and testimony, including screen shots of call logs, police reports and receipts. He also contended trial counsel failed to file a motion to sever and did not call an eyewitness who could have corroborated his account.

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

A-1895-23

In No. 17-01-0271, defendant alleged trial counsel failed to file a motion to suppress his statement he had turned in the handguns, did not object to the admission of the FRO as evidence against him and did not use preemptory challenges to biased jurors.

In both indictments, defendant argued trial counsel did not appropriately advise him about his right to testify at trial and failed to file motions to bifurcate the trials and change venue. He further contended C.S. was godparent to an ECPO detective's son, and the detective was having an extramarital affair with the assistant prosecutor.

Defendant's counseled PCR brief raised twelve points expounding on defendant's pro se claims:

POINT I

The defendant was deprived of his constitutional right to testify on his own behalf.

POINT II

The defendant was deprived of his constitutional right to present a defense.

POINT III

The defendant's conviction should be vacated and the indictments dismissed because of prosecutorial misconduct.

7

POINT IV

Because of media reports[] and a conflict, there should have been a change of venue.

POINT V

The trial court erred by not granting [defendant]'s motion to suppress because, whether based on the privilege against self-incrimination or the doctrine of fundamental fairness, the State was required first to ask [defendant] whether he owned any firearms and then search [defendant]'s home and seize his weapons pursuant to the TRO, which would prohibit the State from charging [defendant] with the certain person not to possess firearm charges.

POINT VI

But for trial counsel's ineffective presentation, the statement allegedly given to [a detective] during the execution of the search warrant would have been suppressed.

POINT VII

The trial court denied the defendant his right to a fair trial by impartial jury and his due process right to a fair trial because of improper charges to the jury.

POINT VIII

Defendant was denied the effective assistance of trial counsel in violation of the United States and New Jersey constitutions.

A-1895-23

POINT IX

The cumulative effect of the errors complained of rendered the trial unfair.

POINT X

Defendant was denied the effective assistance of appellate counsel.

POINT XI

An evidentiary hearing is required with regard to the allegations of defendant's petition for [PCR].

POINT XII

The defendant's motion for [PCR] should not be barred by procedural consideration.

The PCR court's August 5, 2022 preliminary decision denied the petition as to points one, two and six for failure to meet the first prong of Strickland v. Washington, 466 U.S. 668, 689 (1984), finding counsel's performance and strategic decisions "within the wide range of reasonable professional assistance." The court denied points five and seven pursuant to Rule 3:22-5 because they were addressed and rejected on direct appeal, and also denied points seven and ten as conclusory.

The court partially granted relief defendant requested in points eight, nine, eleven and twelve by holding limited evidentiary hearing on certain issues raised in points three and four:

9

(1) the alleged failure to knock and subsequent physical assault during the March 12, 2015 search warrant execution; (2) that [the ECPO] allegedly took no action against the officers for this assault because of the conflict of interest that existed; [and] (3) the alleged failure for the State to submit police reports filed with the Rutgers Police Department by C.S.

Following the hearing, the PCR court's November 30, 2023 oral decision summarized the testimony, determined the admissibility of defendant's documentary evidence and assessed the witnesses' credibility. Defendant testified he was showering when the ECPO members executed the search warrant without knocking. He claimed he was then handcuffed, seated in a chair and assaulted. As proof of his injuries, he introduced photographs of x-rays, hospital discharge summaries and treatment records.

Although the court found defendant's testimony credible, it did not find the officers failed to knock because defendant was in the shower when they entered, and none of the officers who executed the search warrant were produced to testify at the hearing. The court noted the existence of a "reasonable inference that the defendant's arrest was not without incident," but found the evidence did not support defendant's allegations about the extent of his injuries. The court also noted defendant did not report the alleged assault to any authority.

A-1895-23

An ECPO officer testified she entered defendant's apartment after the other officers made entry. She saw defendant sitting in a chair, did not observe any injury to him, and never heard him request medical attention. The officer identified defendant's arrest photograph, which did not show injury, as a fair representation of his appearance after the warrant execution.

The former ECPO assistant prosecutor assigned to the case testified the Rutgers Police reports were produced to defense counsel in discovery. He further testified he was unaware of any relationship between C.S. and an ECPO detective until the time of trial, when the detective's mother testified C.S. was a family friend. The PCR court found both State witnesses credible.

Although the court found defendant's testimony credible, it determined he failed to prove trial counsel's performance was deficient and, even if it were, defendant did not demonstrate he was prejudiced by the inadequate representation. Because defendant failed to demonstrate both Strickland prongs, the court denied the petition in its entirety, incorporating the findings and conclusions in its August 5, 2022 written opinion. A February 13, 2024 order memorialized the court's decision. This appeal followed.

## II.

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). State v. Gaitan, 209 N.J. 339, 350 (2012). First, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. A defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. The Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless it was not "within the range of competence demanded of attorneys in criminal cases" and instead "fell below an objective standard of reasonableness." Id. at 687-88.

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)). Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant

A-1895-23

must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

To satisfy the second prong of Strickland, "the defendant must show that the deficient performance prejudiced the defense." Id. at 687. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid.

### III.

We first address defendant's reprised claims denied by the PCR court without an evidentiary hearing, which we review de novo. State v. Harris, 181 N.J. 391, 421 (2004). Defendant first alleges he was deprived of the right to testify on his own behalf, and the PCR court erred by not hearing testimony from trial counsel.

A criminal defendant has a constitutional right to testify on his own behalf and "[t]he decision whether to testify rests with the defendant." Bey, 161 N.J. at 269 (citing State v. Savage, 120 N.J. 594, 631 (1990)). Counsel must inform the defendant of the right to testify and "may not merely rely on their own trial strategy." Id. at 269-70. A defendant's decision whether to testify is an

"important strategic or tactical decision" for a defendant to make with the advice of counsel. State v. Coon, 314 N.J. Super. 426, 435 (App. Div. 1998).

The PCR court observed trial counsel's strategic decision to advise defendant against testifying, citing State v. Marshall, 148 N.J. 89 (1997). In Marshall, our Supreme Court held "[a] court evaluating a claim of ineffective assistance of counsel must avoid second-guessing defense counsel's tactical decisions and viewing those decisions under the 'distorting effects of hindsight.'" Id. at 157 (quoting Strickland, 466 U.S. at 689). Bald assertions are insufficient to establish a prima facie case of ineffective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

In both trials, the judge explained to defendant his choice to testify or remain silent, read to him the applicable jury charge, and directed him to discuss his options with counsel. And in both trials, defendant informed the judge he discussed his options with counsel and decided not to testify. On this record, we are unpersuaded trial counsel's representation fell below an objective standard of reasonableness.

We next address defendant's contention he was deprived of the right to present a defense on his own behalf, based on trial counsel's failure to present phone records indicating C.S. called him from her work phone number and time-

14

stamped photographs of him in a suit, not a police uniform. "The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled." State v. Gideon, 244 N.J. 538, 549 (2021) (quoting Strickland, 466 U.S. at 685).

Bald assertions are insufficient to establish a claim of ineffective assistance of counsel. Defendant did not include the screen shots, phone records or photographs in his petition, and his mere contention he provided trial counsel this purportedly exculpatory evidence does not suffice. Moreover, the "evidence," which consisted of unauthenticated photographs on defendant's cellphone, was likely inadmissible without defendant's testimony. We are therefore unconvinced defendant established trial counsel was constitutionally deficient.

Defendant also claims trial counsel was ineffective because he failed to file[3] or "advance" a motion to suppress the firearms recovered in the warranted

---

[3] As reflected in our opinion, trial counsel filed a motion to suppress the firearms. E.G., slip op. at 18.

search. The PCR court denied this claim as barred by Rule 3:22-5, and we concur with that determination.

"[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." State v. Preciose, 129 N.J. 451, 476 (1992) (citing R. 3:22-5). Thus, defendant cannot use PCR proceedings to relitigate claims already decided on the merits in his direct appeal. State v. McQuaid, 147 N.J. 464, 483 (1997).

We considered defendant's arguments regarding the motion to suppress on direct appeal:

> Defendant's first point regarding Indictment [No. 17-01-0]271 is not entirely clear. He seems to be contending that the officers who served the [restraining] orders were obligated "whether based on the privilege against self-incrimination or the doctrine of fundamental fairness[,]" to have asked him if he possessed weapons, which would have "prohibit[ed]" him from being charged with certain persons not to possess firearms. As a result, defendant claims, his motion to suppress physical evidence should have been granted.
>
> . . . .
>
> . . . Defendant knew for weeks, if not months, he was obligated to surrender his weapons. He failed to do so. Had he turned the weapons over, he would not have been charged with any crime or offense. Even when asked immediately before police began to search his home, he denied possession of the handguns. Thus,

16

> defendant's failure to comply with the restraining orders is the decision which resulted in the conviction, not any failure on the part of law enforcement. The law enforcement personnel who served copies of the restraining orders upon him were not legally obligated to ask him whether he had guns.
>
> [E.G., slip op. at 18-19 (second and third alterations in original).]

While defendant's petition attempted to reargue this substantive issue and failed, he now recasts this contention as trial counsel's failure to "advance" a motion to suppress, or "more properly termed a motion to dismiss the indictment." Regardless of how defendant frames this point, his argument fails under Rule 3:22-5.

We are also unpersuaded counsel was inadequate for failing to move to suppress defendant's pre-search statement he "already turned in" his firearms. Trial counsel strategically used this statement in his closing argument, contending it demonstrated defendant's lack of knowledge the firearms were in his apartment. While this strategy ultimately proved unsuccessful, we are unpersuaded it fell below the constitutional standard.

Moreover, defendant failed to demonstrate a motion to suppress his statement would have been successful. Although defendant argues this

A-1895-23

conclusory point in his merits brief, he provides no legal analysis to support suppression of the statement.

Defendant also argues, in summary fashion, his remaining claims warranted a plenary hearing. He complains of trial counsel's failure to file specific motions, object to the State's amendment of an indictment, "remove certain jurors defendant wanted removed," and request a unanimity charge; he also alleges appellate counsel was ineffective for failing to raise issues addressed in the PCR petition. We are unpersuaded these contentions, without more, alleged a sufficient factual basis to establish trial counsel was constitutionally infirm or that the motions or objection would have been successful.

We also note "appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant." State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987). Because appellate counsel will not be found ineffective for failure to raise a meritless issue or errors we would deem harmless, State v. Echols, 199 N.J. 344, 365 (2009), defendant's claim on this point falls short.

Moreover, as the PCR court noted, we considered and rejected defendant's claim of trial error regarding the unanimity charge. See E.G., slip op. at 15-16

("Nothing in the record suggests that the jury may have fragmented its verdict, or that different jurors found defendant committed different acts leading to his conviction."). Therefore, defendant's claim of ineffective assistance of counsel premised on this argument fails under Rule 3:22-5.

Because we are unpersuaded trial counsel erred, we are also unconvinced the trial was rendered unfair by any alleged cumulative error. Because defendant failed to establish by a preponderance of the evidence a prima facie case for relief, material issues of disputed fact, or that an evidentiary hearing was necessary on any of the foregoing claims, the PCR court did not abuse its discretion in denying his request for a hearing on those claims. R. 3:22-10(b); see Preciose, 129 N.J. at 462-63.

## IV.

We next address defendant's claims dismissed by the PCR court after the evidentiary hearing, cognizant we afford deference to a PCR court's factual findings when "supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Nash, 212 N.J. 518, 540 (2013)). This is so because "[a]n appellate court's reading of a cold record is a pale substitute for a trial judge's assessment of the credibility of a witness [the

19

judge] has observed firsthand." Nash, 212 N.J. at 540. We review the legal conclusions of a PCR court de novo. Harris, 181 N.J. at 419.

The PCR court considered testimony to determine whether trial counsel was inadequate for failing to file a motion to change venue, based on defendant's contention he was assaulted by officers during the search of his apartment. While the court found defendant's account to be credible, it nevertheless determined he failed to establish deficiencies in counsel's performance, if any, prejudiced the defense. We agree.

A criminal offense is prosecuted in the county where it was committed. R. 3:14-1. Criminal defendants have a well-recognized constitutional "right to be tried before an impartial jury." State v. Loftin, 191 N.J. 172, 187 (2007). Defendant argues his trial counsel should have filed a motion to change venue or to disqualify the ECPO because he was assaulted by officers executing the search warrant.

Defendant failed to establish either motion would have been successful, nor did he demonstrate the outcome would have been different had the trial taken place in another county or the Attorney General superseded the case. As the PCR court found in its August 5, 2022 written decision, defendant did not produce any evidence of pretrial publicity and, during the testimonial hearing,

he failed to demonstrate how the alleged conduct during execution of the search warrant resulted in an unfair trial.

Finally, we address defendant's claims he was prejudiced by prosecutorial misconduct. It is well established that a defendant is precluded from using "post-conviction relief to assert a new claim that could have been raised on direct appeal." McQuaid, 147 N.J. at 483; R. 3:22-4(a). Because defendant could have alleged prosecutorial misconduct in his direct appeal, he was precluded from those allegations in his petition for PCR.

To the extent we have not expressly addressed any remaining issues raised by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division